FILED

2007 Jul-27  AM 11:20
U.S. DISTRICT COURT
N.D. OF ALABAMA



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JOHN GANDY**, | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **CV-02-BE-1605-S** |
| | ] | |
| **HUNTSMAN PACKAGING** | ] | |
| **CORPORATION,** | ] | |
| | ] | |
| **Defendant.** | ] | |

**CONSOLIDATED WITH**

| | | |
|---|---|---|
| **JAMES RAY STOVERS,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **CV-03-BE-0901-S** |
| | ] | |
| **HUNTSMAN PACKAGING** | ] | |
| **CORPORATION, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

**MEMORANDUM OPINION**

This case comes before the court on Defendant Pliant Corporations's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 50).  For the reasons stated below, the court hereby GRANTS IN PART and DENIES IN PART Defendant's motion. Specifically, the court DISMISSES Plaintiffs' claim for equitable estoppel under the Employee Retirement Income Security Act of 1974 ("ERISA").  However, the court DENIES Defendant's motion as to Plaintiffs' breach of fiduciary duty claim; the Plaintiffs may proceed on their breach of fiduciary duty claim under section 502(a)(3) of ERISA.

-1-

## I. BACKGROUND

On January 3, 2006, Plaintiffs John Gandy and James Ray Stovers filed an Amended Consolidated Complaint (Doc. 38), alleging the following facts, which must be accepted as true for purposes of the motion before this court:

Gandy and Stovers began working for Pollock Paper, Inc. in 1963 and 1960, respectively. St. Regis Paper acquired Pollock Paper in 1967; St. Regis later became Princeton Flexible Packaging, Inc., which was acquired by Defendant Huntsman Packaging Corporation in 1994. Defendant Pliant Corporation is a successor in interest to Huntsman Packaging Corporation.

When Huntsman acquired Princeton in 1994, employees, including Plaintiffs, were informed that their pensions would be calculated based on their hire dates with Huntsman's predecessor companies. On May 15, 2000, Gandy accepted a severance package from Huntsman. Approximately one year later, Stovers accepted a severance package from Huntsman. Both severance packages stated that Plaintiffs commenced employment with Huntsman according to their 1960's hire dates. The severance packages permitted participation in the Huntsman Corporate Pension Plan ("Plan").

Each Plaintiff applied for retirement benefits under the Plan, and each received documents indicating that his service time was calculated from the 1994 acquisition of Princeton rather than from Plaintiffs' 1960's hire dates. A calculation based on approximately thirty years fewer resulted in greatly reduced benefits.

In their Complaint, Plaintiffs seek redress under "29 U.S.C. § 1132(a) . . . [for] the denial of the employee provided benefit, including equitable relief to enforce the proper terms of an ERISA plan." (Compl. ¶ 17.) Specifically, Plaintiffs aver that 29 U.S.C. § 1104(a) "requires a plan fiduciary as employer to discharge its duties under the obligation of a fiduciary." (*Id.* ¶ 18.)

"Making false or misleading statements as to what is contained in the plan," Plaintiffs allege, "is a violation of this fiduciary duty." (*Id.* ¶ 19.)  In addition, Plaintiffs ask the court to estop Defendants from denying Plaintiffs benefits dating back to their original hire dates in the 1960's.

## II.  STANDARD OF REVIEW

The standard for granting judgment on the pleadings under Rule 12(c) is the same as the standard for dismissal under Rule 12(b)(6).  *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n. 8 (11th Cir. 2002).  That is, judgment on the pleadings is proper where no material facts are in dispute, and the movant is entitled to judgment as a matter of law.  *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).  The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also* Fed. R. Civ. P. 8(a).  A plaintiff must provide the grounds of his entitlement, but Rule 8 does not require "detailed factual allegations."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Conley*, 355 U.S. at 47).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Id.* at 1969.   In reviewing a motion for judgment on the pleadings, the court must accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party.  *Hawthorne*, 140 F.3d at 1370.

## III.  DISCUSSION

Defendant Pliant moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  Noting that the Complaint's causes of actions are not separately enumerated, Defendant asserts that Plaintiffs' allegations set forth a breach of contract claim under section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), and a breach of fiduciary duty claim under

section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).  (Def.'s Mot. ¶ 3.)  Defendant argues that

Plaintiffs' section 502(a)(3) claim must be dismissed because well-settled precedent precludes

reliance on section 502(a)(3) when section 502(a)(1)(B) provides an adequate claim.  (*Id.* ¶¶ 5-

13.)  Defendant argues that the court should likewise grant its motion on Plaintiffs' equitable

estoppel claim because that remedy is available under ERISA only where the defendant provides

to the plaintiff an interpretation of an ambiguous provision; here, Plaintiffs allege no ambiguities.

(*Id.* ¶¶ 14-16.)

### A.    Section 503(a)(3) Breach of Fiduciary Duty Claim

Section 502(a)(1)(B) provides a cause of action under which an ERISA plan participant

may recover benefits, enforce rights to benefits, or clarify rights to future benefits.  29 U.S.C. §

1132(a)(1)(B); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).  Recognizing that a

principal purpose of ERISA is "to protect . . . the interests of participants . . . [and] beneficiaries

by establishing standards of conduct, responsibility, and obligation for fiduciaries . . . [and]

providing for appropriate remedies . . . and ready access to the Federal courts," 29 U.S.C. §

1001(b), the Supreme Court interpreted section 502(a)(3) to provide a cause of action for breaches

of fiduciary obligations.  *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).

Based on the Supreme Court's characterization of section 502(a)(3) as a "catchall"

provision, the Eleventh Circuit Court of Appeals has held that a plaintiff may not plead a cause of

action under section 502(a)(3) if his injury could be adequately remedied by a cause of action

under section 502(a)(1)(B).  *See Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1088-

89 (11th Cir. 1999).  If, on the other hand, "[the plaintiffs] must rely on [§ 502(a)(3)] or they have

no remedy at all," section 502(a)(3) may be pleaded.  *Varity*, 516 U.S. at 515.  The relevant

question is "whether the plaintiffs also ha[ve] a cause of action, based on the same allegations,

-4-

under Section 502(a)(1)(B)." *Jones v. Am. Gen. Life & Accident Ins. Co.*, 370 F.3d 1065, 1073 (11th Cir. 2004).  The plaintiffs' requested relief is irrelevant to this inquiry.  *See id.*

In *Jones*, ERISA plan participants brought causes of action for breach of contract, equitable estoppel, and breach of fiduciary duty.  The plan provided for life insurance coverage after retirement at the company's expense.  *Jones*, 370 F.3d at 1067.  The plaintiffs alleged that the employer represented that this group life benefit would never be terminated.  *Id.*  When the successor employer terminated the benefit, Jones contested the discontinuation though the plan's claim procedure.  *Id.* at 1068.  When his claim was denied, the plaintiffs filed a complaint seeking relief under sections 502(a)(1)(B) and (a)(3), as well as equitable estoppel.  *Id.*

The *Jones* defendants moved to dismiss on the same grounds as Pliant in this case: specifically, that the plaintiffs could not pursue a cause of action under section 502(a)(3) because section 502(a)(1)(B) provided them an adequate remedy.  *See Jones*, 370 F.3d at 1068.  The district court agreed and dismissed the breach of fiduciary duty claim.  *See id.*  Relying on *Varity* and *Katz*, the Court of Appeals reversed.  "Because the [plaintiffs] concede for purposes of this claim that they are not entitled to the group life benefit under the terms of their plan, the [plaintiffs] 'must rely on [§ 502(a)(3)] or they have no remedy at all.'" *Id.* at 1074 (quoting *Varity*, 516 U.S. at 515).

Similarly, Plaintiffs Gandy and Stovers do not have an adequate remedy under section 502(a)(1)(B).  Defendants submitted as Exhibit B to their motion the Plan at issue in this case.[1]

---

[1] Attachment of the Plan and the court's reliance on the Plan do not require the court to convert the Rule 12(c) motion into a motion for summary judgment.  *McPhillips v. Gold Key Lease, Inc.*, 38 F. Supp. 2d 975, 977 n. 3 (M.D. Ala. 1999) ("In an action alleging causes of action related to a contractual agreement, the contract is considered part of the pleadings and does not constitute material outside the pleadings requiring conversion of a Rule 12(c) motion to a Rule 56 motion for summary judgment." (citing *Homart Dev. Co. v. Sigman*, 868 F.2d 1556, 1561-1562 (11th Cir.1989)).

Its terms clearly provide that Plaintiffs' "pension benefit amount[s] earned under this Plan will not include any prior service with Princeton Packaging."  (Plan, p. 11 (Doc. 50, Ex. B).)  This presents precisely the situation addressed in *Jones* – absent section 502(a)(3), Plaintiffs "have no remedy at all."  *Jones*, 370 F.3d at 1074 (quoting *Varity*, 516 U.S. at 516).  To hold otherwise, the Court stated, would "effectively eviscerate ERISA's clear mandate that fiduciaries discharge their duties 'solely in the interest of the participants and beneficiaries.'" *Id.* (quoting 29 U.S.C. § 502(a)(3)).

Defendant goes to great lengths to construe Plaintiffs' requested relief – "compensatory damages in the amount due under the Plan" and "equitable relief to enforce the proper terms of an ERISA plan" – as stating claims under section 502(a)(1)(B).  Establishing Plaintiffs' intended claims, however, is irrelevant; "it is the district court's role, not the plaintiff's to determine whether an ERISA provision other than § 1132(a)(3), such as § 1132(a)(1)(B), provides a remedy for a plaintiff's alleged injury."  *Miller v. Hartford Life & Accident Ins. Co.*, 2007 U.S. Dist. LEXIS 32011, at *5 (M.D. Ga. May 1, 2007).  As the Defendant recognizes (Def.'s Mot. ¶ 12), the relevant question is "whether the allegations supporting the 502(a)(3) claim were also sufficient to state a cause of action under Section 502(a)(1)(B), *regardless of the relief sought*." *Jones*, 370 F.3d at 1073 (emphasis added).

Although Plaintiffs do not identify the specific subsection of section 502(a) under which they are proceeding, allegations in the Complaint focus on the Defendants' "fiduciary duty" and its "false and misleading statements," rather than contractual benefits.  (Compl. ¶¶ 17-19.) Plaintiffs' factual allegations are simply that Huntsman represented that employees' retirement benefits would be based on their hire dates with Pollock and other predecessor companies, that Plaintiffs never received documentation indicating otherwise, and that Plaintiffs relied on these

misrepresentations in making financial plans.  These allegations are sufficient to state a cause of

action under section 502(a)(3), but do not state a cause of action under section 502(a)(1)(B).  *See*

*Varity*, 516 U.S. at 506 (observing that "[l]ying is inconsistent with the duty of loyalty owed by all

fiduciaries and codified in . . . ERISA"); *Jones*, 370 F.3d at 1071-72 (recognizing that breaches of

fiduciary duties include withholding of accurate information, material misrepresentations, and

material omissions).  Plaintiffs make no allegation that the terms of the Plan require calculations

based on their 1960's hire dates with Polluck.

Plaintiffs have adequately alleged a cause of action for breach of fiduciary duty under

section 502(a)(3), and, because they admittedly are not entitled to relief under the terms of the

Plan, section 502(a)(1)(B) does not provide an adequate remedy.  Accordingly, Defendant's

motion is DENIED as to Plaintiff's section 502(a)(3) claim.

### B.      Common Law Equitable Estoppel Claim

Defendant argues that Plaintiffs cannot make out a *prima facie* case for equitable estoppel

because they have not alleged that the Plan's terms are ambiguous or that one of the Defendants

provided them an "interpretation" of such ambiguity.  (Def.'s Mot. ¶¶ 16-17.)

The Eleventh Circuit Court of Appeal has recognized a narrow common law cause of

action for equitable estoppel under section 502(a)(1)(B) where "(1) the relevant provisions of the

plan at issue are ambiguous, and (2) the plan provider or administrator has made representations

to the plaintiff that constitute an informal interpretation of the ambiguity."  *Jones*, 370 F.3d at

1069 (citing *Kane v. Aetna Life Ins.*, 893 F.2d 1283, 1285-86 (11th Cir. 1990)).  The Plan

submitted by Defendant as Exhibit B to its motion unambiguously states that Plaintiffs are not

entitled to benefits under its provisions based on their hire dates with Huntsman's predecessors.

Plaintiffs concede this fact.  (*See* Pl.'s Resp. 16.)  Accordingly, Defendant's motion is GRANTED as to Plaintiff's equitable estoppel claim.

### IV.  CONCLUSION

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings is hereby GRANTED IN PART and DENIED IN PART.  Specifically, Defendant's motion is GRANTED as to Plaintiff's equitable estoppel claim, but DENIED as to Plaintiff's section 502(a)(3) breach of fiduciary duty claim.  A separate order will be entered consistent with this memorandum opinion.

DONE and ORDERED this 27th day of July, 2007.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE